NATHANIEL O.. TILTON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. The proper time to demand the right to poll the jury, is after the publication of the verdict and before the dispersion of the jury and recording of the verdict.
2. In criminal cases the privilege of polling the jury is a legal right in the defendant, and it is error to refuse it.

Criminal law. Practice in the Superior Court. Jury. Before Judge BARTLETT. Chatham Superior Court. May Term, 1874.

Tilton was placed on trial for the offense of an assault and battery. He pleaded not guilty. The jury found to the contrary. After the verdict had been read, but before it had been recorded, in the presence of the jury, the defendant moved that they be polled. The motion was overruled upon the ground that it came too late. The defendant moved for a new trial on account of error in this decision. The motion was overruled and the defendant excepted.

A. B. SMITH, for plaintiff in error.

ALBERT R. LAMAR, solicitor general, for the state.

McCAY, Judge.

1. In the case of *Malone vs. The State*, 49 *Georgia*, 211, this court held, that the proper time to ask for leave to poll the jury, was after the verdict was read, and we adhere to that ruling. How is the prisoner to know whether he desires to poll them until he knows what the verdict is? It may be in his favor. The English practice was for the foreman to render the verdict *viva voce*. How could a juryman answer until the foreman had spoken? The court refused to permit the jury to be polled because the demand came too late. This was error. But, it is said the leave to poll rests in the discretion of the court. It might be enough to say, that in this case the judge did not exercise his discretion, and that the prisoner has not, in fact, had even the opinion of the court that it was not wise to permit him to poll the jury. Had the judge not thought the time gone by, maybe he would have allowed it.

2. But we are of the opinion that in criminal cases the privilege of polling a jury is a legal right in the defendant, and does not depend on the discretion of the court. In an experience of thirty years at the bar, I have never known it denied to a prisoner demanding it, and my brethren, one of whom has an experience of nearly fifty years, say the same. And this seems to be the settled rule : 1. Wend., 91 ; 18 John., 187 ; 2 Alabama, 102 ; 2 Hale, P. C., 299, 300. The cases in this court, where the privilege has been said to depend on the discretion of the court, were all civil cases, and the court has distinctly confined the ruling to civil cases : 6 *Georgia*, 464 ; 22 *Ibid.*, 431 ; 41 *Ibid.*, 465 ; 31 *Ibid.*, 661.

Judgment reversed.