AMBROSE MURPHY *et al.*, plaintiffs in error, *vs.* CHARLES H. PURIFOY, defendant in error.

1. Where a creditor received a deed from his debtor in January, 1870, to secure a debt due him, and at the same time executed an obligation to reconvey the land to the debtor upon the payment of the debt by the 25th of the ensuing December, the relation of mortgagor and mortgagee existed between the parties.

2. If, in an issue between such parties, it is charged by the debtor that the creditor has, without his consent. or knowledge, illegally altered the deed in a material part, and a cancellation is prayed, and the jury so find and set aside the deed, the creditor cannot complain that a verdict for the debt found due, did not include a foreclosure to the extent of the land admitted to be included in the conveyance before alteration. And this is true, although the debtor, believing that he could not redeem the land, had surrendered the obligation to reconvey before he ascertained that the alteration had been made.

3. Where the evidence is conflicting, and there is positive testimony to support the verdict, it would require a strong case of an abuse of discretion on the part of the judge who refused to set the verdict aside, to authorize this court to grant a new trial on the ground that the verdict is contrary to the evidence.

Deed. Mortgage. Debtor and creditor. Contracts. Alteration. New trial. Before Judge HALL. Pike Superior Court. October Term, 1873.

Purifoy filed his bill against Murphy, and Owen C. Shannon, sheriff of Upson county, in which he alleged that in January, 1870, in order to secure the payment of $1,163 03, which included the principal and interest due to the defendant, Murphy, he conveyed to him by deed parts of lots of land, one hundred and sixty-four and one hundred and sixty-five, in Upson county, containing one hundred acres, more or less, taking from the defendant an obligation to reconvey, should the complainant pay to him the amount due by December 25th, next ensuing; that the said sum included interest to the date last aforesaid; that in the month last aforesaid the complainant delivered to the defendant said obligation, but the latter, at the same time, distinctly agreed by parol to reconvey whenever the complainant should pay to him the amount

due, with interest; that subsequently to his surrendering the obligation aforesaid he discovered that the defendant had placed upon record a deed to two hundred acres of land from the two lots aforesaid, purporting to have been signed by the complainant; that the deed executed by him has been altered to the extent aforesaid without his knowledge or consent; that in the month of December, 1870, the complainant made and delivered to the defendant a note " in the nature of a rent note," for $311 37, but which was in reality in part discharge of the main indebtedness to the defendant; that he has paid off this note in full; that in June, 1872, he made and delivered a similar note for $315 00, upon which the defendant has sued out a distress warrant, and had the same levied upon certain personalty; that said note was not for rent but in part discharge of the original indebtedness; that the complainant has never been in possession of the said land as the tenant of the defendant, but always as his own; that the relation of debtor and creditor never has ceased to exist between them; that the defendant was complainant's brother-in-law, and therefore he placed peculiar confidence in him.

The bill then proceeds to set up a large amount of usury in the indebtedness, and damages sustained by the complainant by reason of the defendant's interference with his farming operations, offers to pay the amount that may be due to the defendant, if any, waives all discovery, prays the cancellation of the fraudulent deed aforesaid; that the sale under the said levy be enjoined, and that the writ of subpœna may issue.

The answer of Murphy denied every material fact in the bill. Alleged that the complainant was indebted to him $1,163, and proposed to give him one hundred acres of the land aforesaid in discharge thereof, to which the defendant acceded; that when the deed was accordingly prepared, the complainant said he wanted more money, to which the defendant replied that he would let him have it if he would embrace more land; that the deed was then changed with the knowledge and consent of the complainant, and before he had signed the same, so as to cover two hundred acres, and delivered to the defend-

ant; that the latter then delivered up to the complainant his note for $1,163 00, and paid to him in money $337 00 additional; that the deed and obligation to recovery were both executed on January 13th, 1870; that it was not thought neceesary to alter the amount of the consideration expressed upon the face of the deed; that the complainant held in his hands the defeasance aforesaid, which expressed upon its face that it was an obligation to reconvey two hundred acres, nearly one year, and must have had notice of the contents thereof as well as of the deed; denies that upon the surrender of the defeasance aforesaid there was any obligation, written or parol, to reconvey said land, as charged, upon the payment of the amount which had been due him.  He may have said that he was willing to such a course, but this was solely due to the fact of the relationship between him and complainant.  Is now ready to sell for the money advanced, upon payment of the rent for the year 1872.  Asserts positively that the two notes aforesaid were given, as expressed upon their face, for rent, the last of which was dated January 1st, 1872, and not in June, as alleged in the bill; denies having damaged complainant in his farming operations; denies that there was any usury in the indebtedness which was the consideration of the deed aforesaid.

The defendant subsequently amended his answer, by praying that if the deed aforesaid be held to be a mortgage, that the land be decreed to be sold, and out of the proceeds the indebtedness to him, of complainant, with interest, together with $315 00 rent, be paid.

The complainant and defendant testified substantially as set forth in the bill and answer respectively.  The former denied that the obligation to reconvey stated two hundred acres at the time he surrendered it; asserted that the land was not designated in it by the number of acres, but that such description had been subsequently inserted; that the conveyance of such two hundred acres would have embraced land not belonging to him.

The evidence introduced by the parties respectively was

voluminous and conflicting. It is omitted as unnecessary to an understanding of the opinion.

The following verdict was returned: "We, the jury, find and decree that the instrument signed by complainant on the 13th of January, 1870, to Ambrose Murphy, defendant, was a mortgage, and not an absolute deed; that the same has been altered materially without the knowledge or consent of complainant, and we decree said instrument, a copy of which is attached to the bill, as null and void. We further find and decree that the distress warrant issued in favor of the defendant and against the complainant for $315 00, be perpetually enjoined. We further find and decree in favor of the defendant, Ambrose Murphy, against the complainant, Charles H. Purifoy, the sum of $747 58, due to date."

The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the court erred in charging the jury as follows: "But if you believe, from the evidence, that Purifoy surrendered the obligation to Murphy, at the instance of Murphy, being assured by Murphy that he could still have a reconveyance of his lands on payment of the amount due by him, and Purifoy did not intend, by this surrender of the obligation, to make the instrument an absolute conveyance of the land, then, although he surrendered the obligation and agreed to pay rent, such surrender of the obligation and payment of rent, did not change the original character of the instrument."

2d. Because the verdict was contrary to the law and the evidence.

The motion was overruled, and the defendants excepted.

PEEPLES & HOWELL; A. D. HAMMOND; J. A. HUNT, for plaintiffs in error.

SPEER & STEWART; J. F. REDDING; J. A. COTTEN, for defendant.

TRIPPE, Judge.

1. The following decisions show that, under the two instruments executed by the parties in this case, made at the time they were, the relation of mortgagor and mortgagee existed between them: 34 *Georgia,* 369 ; 36 *Ibid.,* 138 ; 40 *Ibid.,* 39 ; 49 *Ibid.,* 133.   See Code, section 3809.

2. The debtor charged in the bill that the deed was, without his consent, illegally altered in a material part, and a cancellation of the instrument was prayed.   The verdict recites these facts as found true, and declared the deed to be null and void.   If this finding was sustained by the evidence, the creditor could not complain that the verdict for the debt which was found due, did not also grant a foreclosure to the extent of the land that was included in the mortgage before alteration :  Code, section 2852 ;  see *Wheat vs. Arnold,* 36 *Georgia,* 479.   The fact that the debtor, believing he could not redeem the land, had surrendered the obligation to reconvey before he ascertained that the alteration had . been made, does not affect the case.   Relief will be granted in such cases of mistake or ignorance as this :  Code, sections 3117, 3125, 3126.   This being so it is not necessary to discuss the exception taken to the charge of the court.

3. The evidence in the case was conflicting.   It was exclusively the province of the jury to pass upon it.   There is testimony directly supporting the verdict, and when that is so, it would require a strong case of an abuse of discretion on the part of the judge who refused to set the verdict aside to authorize this court to grant a new trial on the ground that the verdict is contrary to the evidence.

Judgment affirmed.