RUSSELL *vs.* THE STATE OF GEORGIA.

68   785
d112  404

1. For a single juror, when a poll of the jury has been demanded, and eleven have answered that the verdict rendered is theirs, who has by inadvertence been overlooked until the jury have been discharged, to be called and polled before he has left the presence of the court or mingled with bystanders, is so slight an irregularity as not to call for the granting of a new trial.

2. The question of intent with which an act was done is one for the jury, and when they have said that such intent was criminal, with some evidence to support their verdict, this court will not interfere.

Criminal Law. Practice in Superior Court. Jury. Intent. Before Judge HARRIS. Douglas Superior Court. July Term, 1881.

. Reported in the decision.

M. M. SMITH ; T. W. LATHAM, for plaintiff in error.

H. M. REID, solicitor general, for the state.

SPEER, Justice.

The plaintiff in error was indicted for the offence of larceny from the house, and on a trial on the same he was found guilty. A motion was made for a new trial, which was overruled, and excepted to.

The first and second grounds of the motion are the usual statutory grounds of the verdict being contrary to law and evidence. The third ground, and the one mainly relied upon here, was as follows :

When the judge had charged the jury, he directed them to retire and make up their verdict ; they retired, and, after deliberation for some time, they returned into court with a verdict of guilty, signed by the foreman and read in open court. Counsel demanded that the jury should be polled. The judge directed the clerk to call the jury, when he propounded this question : "Is this or not your verdict ?" to which each of the jurors answered affirmatively. The juror whose name was third on the list, to-wit, B. W. Johnson, was not called, nor was he polled. The court being on the eve of adjournment, the jurors were discharged for the term. The jury dispersed with the crowd, some of them had gone as far as the outer door of the court, when the attention of the court was called to the fact of the omission, by W. A. James, not of counsel. The court reassembled the jury, directed the clerk to call the name of the juror, B. W. Johnson, which was done, and the court asked of the juror, Johnson, this question : . "Is this or not your verdict ?" which being answered "yes," the verdict was recorded and defendant sentenced. Defendant assigned error : First, in failing to poll the jury before their dismission and dis-

charge. Second, in the question asked, and because the court allowed the juror, Johnson, to be recalled, after the jury had been discharged, and after they had dispersed for the term, and in receiving and allowing the verdict to be recorded, and in passing sentence and entering judgment thereon.

To this ground in the motion the judge appends the following, as a modification, as set forth in the motion : "The juror who was not called did not before he was polled leave the presence of the court—the jury were all present at the return of the verdict."

When the irregularity as to polling this jury was first presented in the argument for the plaintiff in error, speaking for myself, I was inclined to think that its effect in law was to vacate and void the verdict received by the court and upon which the judgment was entered, but subsequent reflection and conference with my associates have led me to the conclusion with them that it is such a mere irregularity, if any, as could not possibly have affected the result of the verdict, and, therefore, worked no detriment to the prisoner. As to the form of the question propounded by the court to the jurors in the process of polling them, we see no such variance from that usually propounded as would be material. In substance the form as put by the court is not only recognized in the standard works on criminal procedure, but has been also pursued with the approval and sanction of this court. 1 Bishop's Crim. Procedure, sec. 1003 ; 31 *Ga.*, 641 ; 62 *Ib.*, 87 ; 64 *Ib.*, 465. The question recognized in the authorities cited is in substance if not in identity such as was propounded by the court in the case at bar.

But the main question before this court, pressed with zeal and confidence by counsel for plaintiff in error, is the fact, as appears, that though a poll of the jury was demanded by the counsel of the defendant, all of the jury were not polled—that one name was omitted to be called by the clerk, and hence failed to respond, and that the

jury having been discharged for the term and dispersed, the court had no authority to re-assemble them and conclude the polling. It appears from the record that by inadvertence only eleven jurors were called and responded to the poll, and the jury were then discharged ; but on being informed of the inadvertence, the jury, who had not retired beyond the outer door of the court-room, were recalled (the juror not polled had remained in the presence of the court all the time), ordered to their box, and the inadvertence supplied by having the usual question put to the juror who had been overlooked, and on his answer being favorable to the verdict, it was ordered to be received and recorded.

We recognize fully the legal right of the defendant to demand the polling of the jury in all criminal cases, unless by his act or consent inconsistent with such right he has waived or surrendered it, and on demand made for the polling of a jury, the legality of such verdict is only completed by the poll. We further recognize it as true that when a jury has been discharged, and dispersed, and mingled with the crowd, it is too late to cure an omission to poll by re-assembling the jury for that purpose. 6 *Ga.*, 458 ; 36 *Ib.*, 380 ; 39 *Ib.*, 719. The right to poll a jury is a legal one, and the refusal is error. 52 *Ga.*, 478 ; 63 *Ib.*, 306 ; 61 *Ib.*, 401.

But, conceding these propositions to be true, has not the accused had his full legal rights accorded to him as to polling the jury, under the facts of this case? Here, eleven jurors are inquired of as to their consent to the verdict, and acquiesce therein by their answer. They are discharged, but before any had gone beyond the outer door, and while the juror, who had not been questioned, continued in the presence of the court, the retiring jurors who had already answered, were recalled, placed in the box and the omitted juror required to reply as the others had previously done, to the questions propounded. We cannot imagine how this mere inadvertence, so promptly corrected on be-

ing discovered, could possibly have affected the result to the prisoner, but on the other hand, he had accorded to him substantially his right òf polling, and thus verifying the verdict rendered. It is not to be understood that the enforcement of the criminal law is to be thwarted or evaded by mere slight irregularities in the procedures of courts if its forms have been substantially complied with, and it is apparent from the facts, that in these slight irregularities the defendant has been denied no legal right to a fair and impartial trial. The criminal law of our state has, in tenderness to the life and liberty of the citizen accused of crime, thrown around him every safeguard to secure him a public, speedy and impartial hearing, according to the forms of law, and when these have been substantially accorded him and none denied him, let him therewith be content to atone in its penalties for its infraction by him. We conclude that the ground complained of here scarce amounts to a slight irregularity—none such, at least, as in our opinion calls for correction on our part by awarding a new trial. We rest this judgment, affirming the judge below upon the distinct ground that the juror who had not been polled had remained in presence of the court unaffected by his discharge or his surroundings.

2. The main question, under the evidence in this case, was as to the intent with which the accused took the clothing of the owner, and which are made the subject matter of this indictment. Speaking for myself, I am not prepared to say I could have acquiesced in the verdict rendered, had I been in the jury box. But to judge of the intent with which men act when charged with crime, the law devolves that duty upon the jury, and as they saw the witnesses, heard their testimony and have passed upon that question, and their action has been reviewed by the judge presiding, and approved, we do not feel called upon to interfere. 45 *Ga.*, 198; 22 *Ib.*, 236; 58 *Ib.*, 328.

Judgment affirmed.