## BLANKINSHIP *v.* THE STATE.

1. Where in a criminal case the jury returns a verdict of guilty, the accused may, as matter of right, demand that the jury be polled before the verdict is recorded. In response to such demand, made at the proper time, each juror should be questioned individually and separately as to his agreement to the verdict; and it is not sufficient to question the jurors collectively and in concert, although each and all express their assent to the verdict.

2. One charged with selling intoxicating liquors without license can not be convicted on proof merely that by his consent, on his premises, and in his presence, whisky was illegally sold by another.

Argued December 17, — Decided December 19, 1900.

Indictment for selling liquor. Before Judge Fite. Gordon superior court. October 29, 1900.

*Starr & Erwin,* for plaintiff in error.

*Sam. P. Maddox, solicitor-general,* contra.

SIMMONS, C. J. The accused was indicted for selling whisky without license. Upon his trial the jury returned a verdict of guilty.

He moved for a new trial; his motion was overruled, and he excepted.

1. One of the errors complained of was that the court refused to comply with a demand, made by the accused at the proper time, that the "jury be polled, and that they be called seriatim by name, and that the usual or statutory questions be propounded to each juror." It appears from the ground of the motion in which complaint was made of this ruling, that, when the demand was made, the judge remarked that he had not time to poll the jurors individually, and that he then, after having made all of the jurors stand up and having instructed them to answer each for himself, propounded to them collectively the usual questions as to whether they agreed to the verdict. From the judge's certificate to the motion for new trial it appears that these questions were affirmatively answered by each and all of the jurors. Of this ruling several complaints were made, among them that " calling the jury in concert and having them to answer in concert is not polling a jury in contemplation of the law," and that by the court's ruling the accused was deprived of a substantial right,— that of ascertaining whether each individual member of the jury had agreed and did still agree to the verdict returned. We think that the court erred in this matter. It has long been settled in this State that " in criminal cases the privilege of polling a jury is a legal right in the defendant and does not depend on the discretion of the court." *Tilton* v. *State*, 52 *Ga.* 478. It remains for us to consider whether the action taken by the lower court was tantamount to a poll of the jury, and whether it was sufficient to cure the erroneous refusal of a poll. In the first place there can be no question that to poll a jury is to question the jurors individually and one at a time. The very word "poll" is inconsistent with any other idea. This the judge declined to do. What he substituted for the polling of the jury was something very different. He propounded the questions to the twelve jurors collectively, instead of questioning them personally and seriatim. In the case of *Williams* v. *State*, 60 *Ga.* 367, it was held that jurors should be put upon the prisoner " in single file and not in platoons," and that it was error to permit " a regular march of the jurors upon the prisoner." And we think that a similar maneuver in polling the jury is error demanding the grant of a new trial. The right to have the jury polled is given the accused in order that he may

ascertain certainly whether each and every one of the jurors concurs in the verdict returned.     The law allows him to have this done by calling the jurors seriatim and propounding to each the proper questions.   See *Black* v. *Thornton*, 31 *Ga.* 641.   The result obtained by putting the questions to the whole jury and receiving their answers in unison may or may not be the same.   At any rate each juror should be put to the individual test and made to respond solus, without assistance and without accompaniment.   He may be unwilling to agree to the verdict when he is questioned by himself, though he might agree if allowed to do so with the support of eleven other concurrent responses.   And it is essential to the receipt of the verdict as such that he should assent to it and adhere to such assent "until the verdict is no longer in fieri.   When one or more of the jurors can not face the parties and the public with the finding, there should be further deliberation."   *Campbell* v. *Murray*, 62 *Ga.* 86.

In the case of *Russell* v. *State*, 68 *Ga.* 785, it appeared that "by inadvertence only eleven jurors were called and responded to the poll, and the jury were then discharged; but on being informed of the inadvertence, the jury, who had not retired beyond the outer door of the court-room, were recalled (the juror not polled had remained in the presence of the court all the time), ordered to their box, and the inadvertence supplied by having the usual question put to the juror who had been overlooked, and, on his answer being favorable to the verdict, it was ordered to be received and recorded."   The court, in that case, fully recognized the legal right of the defendant to demand that the jury be polled, and in the opinion it is said that a refusal would be error; but the case was affirmed because the inadvertent irregularity which had occurred could not possibly have affected the result to the prisoner, who had been accorded substantially his right of polling the jury and thus verifying the verdict.   The decision rested upon the ground that the only juror who had not been properly polled and who was subsequently questioned "had remained in the presence of the court unaffected by his discharge or his surroundings."   That case presented a question very different from the one presented by this case. There the jury was polled according to law, except for what the court held "scarce amounts to a slight irregularity;" here the jury was not polled at all, but was questioned collectively.   There

it was held that the accused had "been denied no legal right to a fair and impartial trial;" here we think that the accused was deprived of a clear and substantial right, and that the grant of a new trial is demanded. There the trial judge attempted to follow the prescribed method of polling the jury, and, by inadvertence, varied' slightly therefrom, the irregularity being but slight and unimportant; here the trial judge declined to grant the accused his clear legal right to have the jury polled, and attempted to ascertain the assent or dissent of the jurors by a method altogether different from that to which the demand of the accused entitled him. The fact that the trial judge was pressed for time can not justify a refusal to accord the accused a legal trial, and we feel no hesitation in holding that the refusal in this case to properly poll the jury was error.

2. Complaint was also made of two portions of the charge of the court. One of these was as follows: "If the defendant was not the owner of the liquor and did not sell it himself, but you believe and find from the evidence that some other person, by and with the consent of the defendant, sold the liquor in the defendant's yard and at and near his house and in his presence, then the defendant would be guilty and you should so find." The other portion of the charge of which complaint was made immediately followed that given above, and was merely an application of the portion just given to the facts of this particular case. We think that both of these charges were erroneous. They instructed the jury to convict the accused in the event they believed the evidence established certain facts. These facts we think insufficient, in any view of the case, to show that the accused was guilty of selling whisky. For this reason it was error to so charge, and error to refuse to grant a new trial upon grounds complaining of these charges.

*Judgment reversed. All concurring, except Fish, J., absent.*