### 9007. COLDWELL *v.* THE STATE.

BLOODWORTH, J. 1. The evidence in this case was submitted to a jury, whose peculiar province it was to pass upon the facts, under a charge of which no complaint is made. There was ample evidence to support the verdict, which was approved by the trial judge, and this court will not interfere.

2. Where the person alleged to have been seduced (the only witness who testified in reference to the venue) swore that the offense was committed "last year in Polk county," this is sufficient to establish the venue in that county (*Knox* v. *State*, 114 *Ga.* 272 (40 S. E. 233); *Mitchum* v. *State*, 11 *Ga.* 615); and the verdict will not be set aside on the ground that "the evidence in said case fails to establish that the offense charged, or any other offense, was committed in the county of Polk," even though in another part of her testimony the witness swore that the offense was committed "in a place they called Bugger Hollow," and although on the hearing of the motion for new trial there were affidavits from three witnesses who swore that they lived in the community of "Bugger Hollow" many years, and that it is in Floyd county. Especially is this true when the affidavits of eight witnesses were produced on the said hearing, each of whom swore that the person alleged to have been seduced "personally pointed out to affiant the place where the defendant, William Coldwell, . . committed the alleged offense of seduction with her; that said place or location is on the A. E. Scott farm in Polk county, Georgia."

3. The alleged newly discovered evidence of the witnesses W. L. Wilson and Emmett Bridges is cumulative and impeaching in its character.

4. "A judgment of the trial court refusing a motion for new trial on the ground of newly discovered evidence will not be disturbed when the motion fails to show, by affidavit of the movant and each of his counsel, that they did not know of the existence of such evidence before the

trial, and that the same could not have been discovered by the exercise of ordinary diligence." *Pharr* v. *Davis*, 133 *Ga.* 759 (2) (66 S. E. 917); Civil Code (1910), § 6086.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*
DECIDED OCTOBER 31, 1917.

Indictment for seduction; from Polk superior court—Judge Bartlett. June 12, 1917.

*W. H. Trawick, Fielder & Fielder,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general, W. W. Mundy,* contra.