### REYNOLDS v. REYNOLDS.

1. The court announced, in response to a motion for nonsuit, that he would overrule the motion, but added, continuing his remarks to counsel, that the testimony for plaintiff would have to be strengthened, or he would reconsider his denial of the nonsuit later in the case. Other evidence was introduced to strengthen the plaintiff's case; and the motion for the grant of a nonsuit was not sustained. *Held,* that, though the jury were present in the court-room at the time the remarks were made, a new trial will not be granted, as the court was addressing himself, not to the jury, but to counsel, in regard to the motion for a nonsuit.

2. The fact that the jury trying this case remained in the court-room while other divorce cases were being tried, and that this was known to counsel

at the time, will not be a valid ground of a motion for a new trial, no objection having been made to proceeding with the trial.

3. The ground of the motion for a new trial alleging that two named jurors read an article in a daily newspaper published in the city where the trial was had, commenting upon the trial and ridiculing the ground of the divorce in the plaintiff's petition, can not avail the plaintiff here, in the absence of proof that the article referred to was actually read by one or both of the jurors named. The statement in the affidavit of counsel that he learned of the alleged fact after the verdict is not sufficient, and indicates that counsel had merely hearsay evidence of the fact upon which this ground of the motion for new trial is based.

4. The charge of the court as to the necessity of corroborating evidence or circumstances to authorize the finding by the jury in favor of plaintiff on the ground of adultery, where confession of the defendant is relied on to establish the alleged act of adultery, while containing an inaccurate statement of the law, was not hurtful to the plaintiff.

5. Instructions to the jury to the effect that unless the evidence of confession was corroborated the jury could not find in favor of the plaintiff upon the charge of adultery, did not have the effect of excluding from the consideration of the jury certain letters introduced by the plaintiff, which were alleged to be a corroboration.

6. The evidence in the case did not authorize a verdict granting a divorce on the ground of cruel treatment; and the evidence upon the charge of habitual intoxication was conflicting, and a verdict for the defendant on this ground was authorized.

No. 1907. FEBRUARY 21, 1921.

Libel for divorce. Before Judge Meldrim. Chatham superior court. January 20, 1920.

*H. P. Cobb,* for plaintiff. *Simon N. Gazan,* for defendant.

BECK, P. J. Mrs. Gertrude Reynolds brought a libel for divorce against her husband, Edgar Reynolds, on the three grounds of cruel treatment, habitual intoxication, and adultery. The husband denied the alleged acts of cruel treatment, habitual intoxication, and adultery. The jury returned a verdict refusing a divorce; and the plaintiff made a motion for a new trial, which was overruled.

The rulings made in headnotes 1, 2, 4, 5, and 6 require no elaboration.

The remaining ground of the motion for a new trial is based upon the alleged fact that one of the jurors, after having been empaneled and after having heard a part of the evidence in the case, read an article in a daily newspaper published in the city where the trial took place, which contained comments upon the case on trial, and which, it is contended, ridiculed the plaintiff's grounds for divorce, intimating that the same were frivolous, etc. The alleged fact of the juror's having read this article is not proved by competent evidence. In reference to this ground, the plaintiff

14

made an affidavit deposing that the knowledge of the occurrence came to her after the rendition of the verdict, but she does not state affirmatively that the juror did read the article. One of the counsel for plaintiff also made an affidavit deposing that "he learned subsequently to the rendition of the verdict that the juror had read the article in the Savannah Press of December 3rd, which is attached to the amended motion, and that another juror had heard the same talked about; that he did not have the means or opportunity of learning these facts until after the rendition of the verdict." This affidavit does not contain affirmative proof that the two jurors read the article or heard the same talked about; the source of the attorney's information is not given, and apparently he based his conclusion that the article had been read, as charged, upon purely hearsay evidence.

*Judgment affirmed. All the Justices concur, except*

ATKINSON, J., dissenting. In the case of *Styles v. State,* 129 *Ga.* 425 (59 S. E. 249), the judgment was reversed solely on the ground of newly discovered evidence as to misconduct of certain jurors in reading an article in a newspaper prejudicial to the accused, after they had been selected to serve in the case. The defense submitted an affidavit of a juror tending to show the alleged misconduct; but as a juror can not be heard to impeach his verdict (Civil Code, § 5933), the affidavit of the juror was considered of no value by this court, and it was held: "Where a motion for new trial predicated upon the improper conduct of certain of the jurors charged with the trial of the case recites that 'the jurors, after they had been impaneled and before all the evidence had been submitted, read copies' of a certain 'newspaper containing a certain editorial,' which was 'calculated to mislead the jurors, prejudice their verdict,' etc., and there is no denial by the State, and the recitals of the motion are certified by the judge to be true, the motion and certificate will be construed to mean that the jurors actually read the editorial to which the objection related." The decision thus rendered was decisive of the exact question involved in the ruling made in the third division of the opinion. The case was decided by all the justices, and has never been reviewed and modified, and is controlling.