### 13181.   RYLEE *v.* THE STATE.

1.  The ground of the motion for a new trial as to exclusion of testimony
is not in proper form for consideration.

2.  The ground as to newly discovered evidence is fatally defective because
of the lack of required affidavits of the movant and his counsel.

3.  A juror's statements to the effect that the jury considered matter which
was not in evidence will not be received for the purpose of impeaching
his verdict.

DECIDED FEBRUARY 14, 1922.

Indictment for larceny of cotton; from Banks superior court —
Judge Fortson. December 12, 1921.

*J. G. B. Logan, S. R. Jolly, E. C. Stark,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.

BLOODWORTH, J.   1.   " In order for the exclusion of oral testi-
mony to be considered as a ground for a new trial, it must appear
that a. pertinent question was asked, and that the court ruled out
the answer; and that a statement was made to the court at the
time showing what the answer would be; and that such testimony

was material, and would have benefited the complaining party." *Griffin* v. *Henderson*, 117 *Ga.* 382 (2) (43 S. E. 712). And see *Terry Shipbuilding Corp.* v. *Gregory*, 26 *Ga. App.* 450 (3) (106 S. E. 803). Under the above ruling the 1st ground of the amendment to the motion for a new trial can not be considered.

2. The 2d ground of the amendment to the motion for a new trial, relating to alleged newly discovered evidence, is fatally defective, in that it fails to show, by affidavit of the movant and each of his counsel, that they did not know of the existence of such evidence before the trial, and that it could not have been discovered by the exercise of ordinary diligence. Civil Code (1910), § 6086; *Coldwell* v. *State*, 21 *Ga. App.* 124 (4) (94 S. E. 76), and citations.

3. The remaining special ground of the motion for a new trial is as follows: "Because the jury in their deliberations considered certain statements that had been made by parties previous to the trial and not offered or proved on the trial of said case, as follows: One C. J. Wood, who served as a juror in the trial of said case, stated immediately after the rendition of said verdict that although the direction from which the wagon and team came to said cotton-house was not proven on the trial of said case, the prosecutor, Chandler, had sufficient evidence in his possession to show the direction from which the wagon and team came to said cotton-house, and that it was not necessary to produce that evidence." The movant seeks to sustain this ground of the motion by affidavits from one of the jurors and another person. "The affidavits of jurors may be taken to sustain, but not to impeach their verdict" (Civil Code, § 5933); and if a verdict may not be impeached by an affidavit of one of the jurors who found it, certainly it cannot be impeached by an affidavit from a third person, establishing the uttering by a juror of remarks tending to impeach his verdict. Statements of a juror made after the trial are not generally admissible. *Wade* v. *State*, 12 *Ga.* 25, 28. "Nothing coming from a juror, either directly or indirectly, in the way of a narrative with respect to the manner in which a verdict was arrived at, will be heard to impeach the same." *Sou. Ry. Co.* v. *Sommer*, 112 *Ga.* 512 (37 S. E. 735). See also *May* v. *Atlanta*, 9 *Ga. App.* 391 (2) (71 S. E. 499); *Turner* v. *State*, 20 *Ga. App.* 165, 167 (5) (92 S. E. 975). "Jurors can not impeach their

verdict, and affidavits by members of the jury or of counsel, as to their sayings after dispersing, can not be received for that purpose." *Nelling* v. *Industrial Mfg. Co.*, 78 *Ga.* 260. See also *Corbin* v. *McCrary*, 22 *Ga. App.* 472 (5) (96 S. E. 445). It follows that this ground of the motion for a new trial is without merit.

4. The evidence authorized the defendant's conviction, and for no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*