13458.  POPE *et al. v.* THE STATE.

LUKE, J. 1. An assignment of error upon the ground that the court failed to instruct the jury in respect to the credibility of witnesses is not cause for a new trial, where there was no proper written request so to charge. *Richardson* v. *State*, 141 *Ga.* 782 (3) (82 S. E. 134).

2. Where a ground of a motion for a new trial complains that one of the jurors trying the case had expressed himself as believing the defendant guilty, before he had heard evidence, the discretion of the trial judge will not be held to have been abused in denying the motion for a new trial upon this ground, where the evidence adduced upon the hearing of the motion for a new trial was conflicting. In this case the juror denied having made any such statement. See *Jones* v. *State*, 136 *Ga.* 157 (71 S. E. 6).

3. The court did not err in rejecting affidavits of some of the jurors that when the jury were considering their verdict, the foreman of the jury stated to the other jurors that from what he had heard other persons say prior to the trial, he was satisfied of the guilt of the defendants and that he was willing to hold up his hand and swear to the jury that the defendants were guilty. "As a matter of public policy a juror cannot be heard to impeach his verdict, either by way of disclosing the incompetency or misconduct of his fellow jurors, or by showing his own misconduct or disqualification from any cause. Civil Code [of 1895], § 5338; *Hill* v. *State*, 91 *Ga.* 154; *Coleman* v. *Slade*, 75 *Ga.* 63; *Dyson* v. *State*, 72 *Ga.* 206." *Bowden* v. *State*, 126 *Ga.* 578 (1) (55 S. E. 499).

4. An assignment of error upon the charge of the court, to the effect that the judge failed to charge the jury that they were the judges of the law and the facts, where there was no timely request for him so to do. furnishes no ground for a new trial. *Jones* v. *State*, 136 *Ga.* 157 (2) (71 S. E. 6).

5. The evidence authorized the verdict; the meticulous objections urged against the charge of the court are without merit; and the ground of the motion for new trial based upon newly discovered evidence, as con· ceded by counsel for plaintiff in error, does not meet the requirements of law. For no reason assigned was it error to overrule the motion for a new trial.

  *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
  DECIDED MAY 9, 1922.

Indictment for manufacture of liquor; from Telfair superior court — Judge Graham. March 3, 1922.

*Eugene Talmadge, W. S. Mann,* for plaintiff in error.

*W. S. Boyer, solicitor-general,* contra.