## 14215.　SINGLETON *v.* THE STATE.

1. The court properly refused to continue or postpone the case. No effort was made to prove by the accused that the absent attorney was his leading counsel, or to show compliance with that portion of

section 990 of the Penal Code (Civil Code, § 5718) which says: "Provided, the party making the application will swear that he cannot go safely to trial without the services of such absent counsel, and that he expects his services at the next term, and that said application is not made for delay only." See also Penal Code, § 992; Civil Code, § 5724; *Hilton* v. *Haynes*, 147 *Ga.* 726 (2) (95 S. E. 220).

2. The ground of the motion for a new trial which alleges that the verdict is illegal and void, because it "was not based upon the unanimous agreement and opinion of the eleven jurors trying said case," does not require the grant of a new trial, because: (*a*) It was not supported by proper and legal proof. (*b*) If the accused knew of this alleged irregularity on the part of the jury at the time the verdict was returned, he should have demanded a poll of the jury, and having failed to do so he waived the irregularity.

3. The other grounds of the motion for a new trial are based upon alleged illegal arrest and unlawful seizure, and are controlled by the ruling in *Pullen* v. *State*, ante, 24.

4. Under the evidence and the defendant's statement the verdict was demanded.

DECIDED MAY 15, 1923.

Accusation of possessing whisky; from city court of Albany — Judge Clayton Jones. December 2, 1922.

Application for certiorari was denied by the Supreme Court.

Application for certiorari was made to the Supreme Court of the United States.

*Lippitt & Burt,* for plaintiff in error.

*R. H. Ferrell, solicitor,* contra.

BLOODWORTH, J. We will discuss the question dealt with in the 2d headnote only. One of the grounds of the motion for a new trial is in part as follows: "After all the evidence had been submitted and the jury had retired to their room to consider said case, and a foreman of the jury trying said case had been selected, it was agreed by the jury that a majority vote should be taken and the verdict should be made on a majority vote of the said jury as to the guilt or innocence of the said defendant. A vote was then taken by the jury on the guilt or innocence of the defendant, and six jurors voted for the conviction of the defendant and five voted for acquittal (there were only eleven jurors, trying said case by consent), and without any further discussion of the case or any further vote, and under the agreement previously made and agreed upon by the jury, a verdict of guilty of the charge against the defendant was made and signed by the foreman of the jury, and the jury immediately returned to the court-room and their

verdict was read and published in open court and the jury discharged. That said verdict of guilty in said cause is contrary to law and illegal, null, and void, because said verdict was not based upon the unanimous agreement and opinion of the eleven jurors trying said case, based upon the law as given them in charge by the court and the evidence adduced upon the trial of said cause, and said verdict was not based upon a careful consideration of the law and the facts in said case (but was made upon an agreement entered into by the jury in advance of any consideration of the case, and was controlled by a majority vote and not by the law and evidence and their opinion upon the same as to the guilt of the accused, which is shown by the fact that five jurors voted for acquittal and six voted for conviction, and no other vote was had upon said cause, and that said verdict was immediately after said vote (was) taken published in open court, and in support of this ground for motion for a new trial defendant attaches his affidavit hereto, marked Exhibit ' A,' which establishes the truth of this ground, and for this reason defendant prays that said verdict and judgment be set aside and a new trial granted thereon." What the effect of this ground would have been had it been supported by proper and legal evidence we are not called upon to determine, but must pass upon the ground as it is presented in the record. This ground is supported only by the affidavit of the movant. The information contained therein could not have been obtained by him except in one of three ways:  (*a*)  By the defendant having overheard the jury while they were in their room discussing the case.  (*b*)  By some other party having heard the discussion in the jury-room and the information coming to the defendant through this party.  (*c*)  By a member of the jury after the trial having made the statement.  In either event a new trial should not be granted on this ground.  We will discuss the " three ways " above referred to in the order named:

(*a*)  Movant does not claim that he heard the jury while they were discussing the case in their room.  If he did hear them he should have so stated in his affidavit, so as to show upon what the statement in the affidavit was founded.  Even then his motion for a new trial would not avail him, for if he did hear the jury, or some one else heard them and told him about it before the verdict was published, he should have demanded a poll of the jury when

the verdict was read, as the defendant in all criminal cases has the right to do. See *Tilton* v. *State,* 52 *Ga.* 480 (2); *Williams* v. *State,* 63 *Ga.* 306; *Russell* v. *State,* 68 *Ga.* 738; *Blankinship* v. *State,* 112 *Ga.* 402 (37 S. E. 732). In *Josey* v. *State,* 148 *Ga.* 468 (1) (96 S. E. 1041), it is held: " In order for the misconduct of a juror during the trial of a criminal case in which he is engaged to be cause for a new trial, it must affirmatively appear that the accused and his counsel did not know of the misconduct until after the verdict;" and a number of cases are cited to support this proposition. See also *Sizer* v. *Melton,* 129 *Ga.* 144 (11), 153 (11) (58 S. E. 1055); *Roberson* v. *State,* 15 *Ga. App.* 551 (83 S. E. 877). The object in allowing the jury to be polled is to ascertain whether or not they remain unanimous in their finding. The right to poll is lost if not taken advantage of before the jury trying the case disperses. *Barfield* v. *Mullino,* 107 *Ga.* 731 (33 S. E. 647); *Rutland* v. *Hathorn,* 36 *Ga.* 380; *Smith* v. *Mitchell,* 6 *Ga.* 458. The purpose of the ground of the motion for a new trial now under consideration is to show that the verdict is not the unanimous finding of the jury. If, because the jury has dispersed, a defendant who does not know what happened in the jury-room loses his right to poll the jury and thus ascertain whether or not their verdict remains unanimous, is not the reason stronger why a defendant who professes to know at the time the verdict is returned that it was not unanimous should not be allowed to raise this question for the first time in a motion for a new trial; especially when no reason is shown why he did not raise it when the verdict was returned? We think so. " The law is that the defendant must bring the misconduct of the jury to the knowledge of the court, if known, and if not brought when known it will be held, in contemplation of the law, to have been waived." *Lyman* v. *State,* 69 *Ga.* 404 (4), 407 (4). See *Carter* v. *State,* 56 *Ga.* 463 (4), 467 (4); People *v.* Williams, 24 Cal. 31. In *City of Columbus* v. *Ogletree,* 102 *Ga.* 301 (29 S. E. 752), Mr. Justice Cobb said: " That the jurors were not called to support their verdict in the present case cannot be urged as a reason for setting it aside. A juror can, and should, be heard to sustain his verdict, when it is shown prima facie to be irregular and invalid; but there is no necessity to call the jurors until the verdict has been in some way discredited. The evi-

dence. offered to attack the verdict was insufficient for the purpose, and an unimpeached verdict needs no support from jurors, or from any other source. We readily assent to the proposition that 'nothing short of a free and deliberate finding made upon the conscientious conviction of the judgments of all of the jurors will satisfy the law,' and we decline to reverse the trial judge in this case, for the reason that nothing has been shown which is necessarily inconsistent with the conscientious discharge of duty by the jurors. Jurors are sworn officers of the law, and their findings are environed with all the presumptions which surround the acts and conduct of persons who are discharging under oath the duties cast upon them by the law of the land. He who impeaches or brings in question the regularity of their conduct or integrity of their motives must bring clear, satisfactory, and unequivocal proof." In the second edition (by Early) of Thompson on Trials, par. 2616, it is said: " That presumption of right acting which attends all official conduct extends to the conduct of juries, and, as a general rule, this presumption can only be *overcome by clear and satisfactory proof.* . . While a motion for a new trial on this ground must be verified by affidavits, yet there is no rule of law which requires the trial judge to believe the impeaching affidavits, even where they are not contradicted; since the jurors themselves are under oath well and truly to try, and it remains in a sense the case of oath against oath; and of course an appellate court will not interfere with the decision of the trial court where the affidavits are conflicting." We realize that some of the opinions cited above are not absolutely in point, but they are at least persuasive.

(*b*) If the defendant received his information after the jury dispersed, from some person who heard the jury, the affidavit of that person should have been obtained. If the information was so obtained, the ground is based upon hearsay evidence alone, and this would not authorize the grant of a new trial. *Reynolds v. Reynolds,* 151 *Ga.* 208 (3) (106 S. E. 182) ; Cummins *v.* Crawford, 88 Ill. 313 (30 Am. Rep. 558).

· (*c*). If the information came through one of the jurors after the jury had dispersed, it is well settled that jurors cannot impeach their verdict, and that the affidavits of the jurors themselves or of others, as to their sayings after dispersing, will not be re-

ceived for that purpose. *Rylee* v. *State*, 28 *Ga. App.* 231 (3) (110 S. E. 749), and citations; *Corbin* v. *McCrary*, 22 *Ga. App.* 473 (5) (96 S. E. 445); *May* v. *City of Atlanta*, 9 *Ga. App.* 391 (2) (71 S. E. 499). In addition to the foregoing, if verdicts could be set aside on the affidavit of a party to the cause as to what occurred in the jury-room while the jury were deliberating, unsupported by any other evidence, but simply upon his ipse dixit, the stability of verdicts would be rendered very uncertain. Any ruling other than what is above announced would effectually impair the value of jury trials.

It is perhaps due the prosecuting attorney to say that in his brief he states that when this ground of the motion for a new trial was argued before the trial judge " he ordered this ground stricken for the reason that it had no evidence to support it. The trial judge having ordered it stricken, the State did not think it had any other duty in regard thereto. Had the court not so directed, the State would have investigated the allegation and made a showing." The record shows no order striking this ground of the motion, but shows an approval thereof by the judge.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*