24105. FENNELL v. THE STATE.

BROYLES, C. J. 1. The amendment to the motion for a new trial is based upon the alleged newly discovered evidence of C. O. Cannon, but no affidavit as to his "residence, associates, means of knowledge, character, and credibility," as required by section 6086 of the Civil Code of 1910, was presented by the movant, and the court, therefore, did not err in refusing to grant a new trial on this ground. *Ivey* v. *State*, 154 *Ga.* 63 (6) (113 S. E. 175).

2. The evidence connecting the accused with the offense charged (simple larceny), while circumstantial, was sufficient to authorize the jury to find that it excluded every *reasonable* hypothesis save that of his guilt; and, the finding of the jury having been approved by the trial judge, and no error of law appearing, this court is without authority to interfere.  *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JUNE 26, 1934.

*Fred Kea, R. I. Stephens,* for plaintiff in error.
*J. E. Burch, solicitor pro tempore,* contra.

24119. STEPHENS v. THE STATE.

BROYLES, C. J. The motion for a new trial was overruled on April 3, 1934, and the bill of exceptions was presented to the trial judge on April 27, 1934, and certified on the same day. The bill of exceptions not having been tendered within twenty days of the date of the judgment overruling the motion for a new trial, the writ of error must be
*Dismissed. MacIntyre and Guerry, JJ., concur.*

DECIDED JUNE 26, 1934.

*H. A. Hodges,* for plaintiff in error.
*Marvin L. Gross, solicitor-general,* contra.