24826.   LeCounte *et al.* v. The State.

MacIntyre, J.   1. The only special ground of the motion for a new trial, which is based upon the newly discovered evidence of a witness, is fatally defective, because (1) there is no affidavit as to the residence, associates, means of knowledge, character and credibility of the witness (Code 1933, § 70-205; *Cartright* v. *State*, 27 *Ga. App.* 258 (2) (108 S. E. 70); *Proctor* v. *State*, 35 *Ga. App.* 499 (133 S. E. 656); *Bowen* v. *State*, 44 *Ga. App.* 565 (162 S. E. 151); *Fennell* v. *State*, 49 *Ga. App.* 305 (175 S. E. 272); *Ivey* v. *State*, 154 *Ga.* 63 (113 S. E. 175)); (2) there is no affidavit by either of the only two attorneys who represented the defendants at the trial of the case as to diligence in procuring the alleged newly discovered evidence. Code of 1933, § 70-204; *Pharr* v. *Davis*, 133 *Ga.* 759 (2) (66 S. E. 917); *Coldwell* v. *State*, 21 *Ga. App.* 124 (4) (94 S. E. 76); *Rylee* v. *State*, 28 *Ga. App.* 230 (2) (110 S. E. 749); *Brisendine* v. *Hunt*, 43 *Ga. App.* 115, 122 (158 S. E. 469).

2. The affidavit of the only attorney representing the defendants in this court, but who did not represent them at the trial of the case, that "the said attorneys previously representing them reside in different counties from the residence of the defendants, and it is impracticable to get in touch with them or communicate with them up until this time, since the discovery of this newly discovered evidence," and "that the newly discovered evidence has been recently discovered by the defendants and the deponent, and could not have been discovered before the rendition of the verdict in said case by the exercise of ordinary care, because from the nature of the evidence it was impossible for them to have known or ascertained the facts concerning this newly discovered evidence," entirely fails to meet the mandatory requirement of the statute that "it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence."

3. The general grounds of the motion for a new trial, which are without merit, are expressly abandoned.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED JUNE 19, 1935.

*Paul J. Varner,* for plaintiffs in error.
*J. P. Dukes, solicitor-general, P. M. Anderson,* contra.