### 37549. ALLEY *v.* THE STATE.

CARLISLE, Judge. 1. The Court of Appeals has no authority to decide any question in a case unless it is made by a specific assignment of error in the bill of exceptions (Code § 6-1607), nor can questions not made by the record nor passed on by the trial court be considered by this court even though urged in the argument and brief of counsel for the plaintiff in error. *Nix* v. *State,* 94 *Ga. App.* 141 (2) (93 S. E. 2d 783). Accordingly, questions which are apparently made for the first time in the brief of counsel for the plaintiff in error and which were not a part of the motion for new trial, the overruling of which is the only assignment of error before this court, cannot be considered.

2. Under the foregoing rules of law and authorities cited, this court cannot consider numerous alleged instances of the admission of illegal evidence, which was alleged to have been admitted over proper and timely objection, but upon which no assignment of error was made in the motion for new trial, the denial of which is the only assignment of error here made. Neither can this court consider, in determining whether the defendant had a fair trial, the alleged instances of admission of illegal evidence, nor the cumulative effect thereof, where there is no specific assignment of error in the motion for new trial on any one or more of such instances of the admission of illegal evidence.

3. When the trial judge has approved the stenographic report

of the evidence with immaterial questions and answers and parts thereof stricken "together with the documentary evidence introduced and attached" as being the true and correct brief of the evidence adduced upon the trial of the case, and the same is transmitted to this court as a part of the record after the certification of the bill of exceptions by the trial judge, this court has no authority in passing upon questions properly presented to it to consider any evidence or matter not incorporated in the brief of evidence thus transmitted. Nor does this court have authority to order the entire transcript of the evidence sent up for its consideration where the entire transcript was not approved by the trial judge as constituting the true and correct brief of the evidence. *Southern Auto Co.* v. *Fletcher,* 70 *Ga. App.* 299, 301 (28 S. E. 2d 184).

4. Under the foregoing authorities, this court cannot order a transcript of the evidence sent up where there is no allegation, in the motion suggesting a diminution of the record, that the brief or transcript of the evidence sent to this court does not constitute all of the evidence approved by the trial judge as constituting the brief or transcript of the evidence. Only such parts of the record as were actually made and filed in the trial court can be ordered sent up, and after the bill of exceptions has been certified by the trial judge, no additions or changes in the record or in the brief of the evidence can be made by this court or by the trial court; nor can it consider a purported transcript of the evidence sent to this court by counsel for the plaintiff in error as a part of their brief.

5. "The affidavits of jurors may be taken to sustain but not to impeach their verdict." Code § 110-109. Under this rule of law, it has been repeatedly held that the affidavit of a juror will not be received to show that the jurors in arriving at their verdict acted upon private knowledge or upon matters which were not in evidence. See *Rylee* v. *State,* 28 *Ga. App.* 230 (3) (110 S. E. 749); *Pope* v. *State,* 28 *Ga. App.* 568 (3) (112 S. E. 169). The sole special ground of the motion for new trial contends that the defendant did not receive a fair trial within the guarantee of the Constitution (Code, Ann., § 2-105), because the jury considered the reputation of the defendant and considered the fact that he had been "run out of Chattanooga for gambling" when the defendant's reputa-

tion had not been placed in evidence either by the defendant or by the State, and when there had been no evidence introduced in the trial of the case respecting his having been run out of Chattanooga. In support of this motion, counsel attached an affidavit of one of the jurors which stated substantially the facts alleged. This ground of the motion was, in substance, merely a contention that the jurors acted on their private knowledge and on matters which were not introduced in evidence and falls within the inhibition of the rule announced above. It follows that the trial court did not err in overruling this ground of the motion for new trial.

6. Without detailing the evidence, it is sufficient to say that it showed that the house where the defendant was apprehended had a reputation for gambling; that when the officers went to it, a number of men were found there gambling; that there was a large dice table in it; that the blinds were pulled; that a large number of poker chips and several decks of playing cards were found there and tables with cards and money on them were found in the house. As to this defendant, there was evidence that at the time of the raid he was in bed in a room of the house other than that in which gambling was taking place; that during the progress of the raid he hid under the bed in which he had been lying; that when officers reached this room they saw one of his feet sticking out from under the bed and moved the bed from over him; that he stated he was Ed Alley, "the one you are looking for," and he also said, "I am the one who runs the place; show me the warrant you got." At police headquarters after his arrest he gave this house as his residence. This evidence was sufficient to authorize the conviction of the defendant for maintaining a gaming house. *Pacetti* v. *State*, 82 *Ga.* 297 (7 S. E. 867); *Richards* v. *State*, 56 *Ga. App.* 377 (2) (192 S. E. 632). The trial judge did not err in denying the motion for new trial on the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 18, 1959—REHEARING DENIED MARCH 26, 1959.

*M. Neil Andrews, Cook & Palmour, Bobby Lee Cook,* for plaintiff in error.

*Earl B. Self, Solicitor,* contra.