## 54359. CAMPBELL v. THE STATE.

DEEN, Presiding Judge.

Appellant was convicted of armed robbery and sentenced to seven years in the penitentiary.

1. In his first enumeration of error, the appellant asserts the general grounds in support of his contention that the trial court erred in denying his motion for a new trial. If there is any evidence to sustain the conviction, the judgment of the trial court must be affirmed. *Herndon v. State,* 132 Ga. App. 747 (209 SE2d 26). There was evidence in this case that shortly after the robbery the victim selected appellant's picture without hesitation from a group of photographs provided by a police detective, she unhesitatingly picked him out of a lineup which was conducted at his own request eight days after the crime, and she made a positive in-court identification of him.

Once the jury has returned a guilty verdict, and the trial court has denied appellant's motion for a new trial, "[t]he evidence . . . must be reviewed on appeal in the light most favorable to the verdict rendered (*Green v. State,* 123 Ga. App. 286 (180 SE2d 564)), and it appears after studying the record that the evidence was more than sufficient to authorize the . . . verdict. *Wilburn v. State,* 230 Ga. 675 (198 SE2d 857)." *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Jackson v. State,* 234 Ga. 153, 154 (215 SE2d 2).

2. Appellant also contends that the trial court erred in failing to grant a mistrial because certain remarks

made by the assistant district attorney were highly prejudicial to him. "[T]his court has repeatedly held that if the trial judge acts immediately, and in the exercise of his discretion takes such action as in his judgment prevents harm to the accused as a result of such improper statements, a new trial will not be granted unless it is clear that such action failed to eliminate from the consideration of the jury such improper statements. *Brown v. State,* 148 Ga. 264, 266 (96 SE 435); *Johnson v. State,* 150 Ga. 67 (1) (102 SE 439); *Waller v. State,* 164 Ga. 128 (4) (138 SE 67)." *Moore v. State,* 228 Ga. 662, 664 (187 SE2d 277). No abuse of discretion appears in the record. Any prejudicial harm caused by the prosecutor's remarks was immediately corrected by the trial judge when he ruled them out of the record and instructed the jury to disregard them.

To support his claim that the prosecutor's remarks were prejudicial and influenced the jury verdict against him, appellant submitted an affidavit to the trial court from one juror stating that he had been influenced by the remarks. Code Ann. § 110-109 permits "[t]he affidavits of jurors [to] be taken to sustain but not to impeach their verdict. The trial judge cannot receive, hear, or consider affidavits of jurors submitted for the purpose of impeaching their verdict. *Wellbeloved v. Wellbeloved,* 209 Ga. 709 (75 SE2d 424). See also *Wisdom v. State,* 234 Ga. 650, 658 (217 SE2d 244); *Pope v. State,* 28 Ga. App. 568 (3) (112 SE 169); *Rylee v. State,* 28 Ga. App. 230 (3) (110 SE 749); and *Alley v. State,* 99 Ga. App. 322 (5) (108 SE2d 282).

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 6, 1977 — DECIDED OCTOBER 7, 1977.

*John W. Andre, Jr.,* for appellant.
*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.