## 55820. BURCE v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for theft by taking.

During the course of his argument, the assistant district attorney stated: "I want to say one other thing to those of you who are serving for the first time on a jury. The responsibility of sentencing in a case, ladies and gentlemen of the jury, belongs to the trial judge. It is the judge who has heard the evidence in the case, and it is the judge who will pronounce sentence in the case. Under our system, now, you will go out, and you will return a verdict based on the evidence in this case. Then, upon a verdict of guilty, the *judge will have a chance to hear other evidence* to determine what sentence should be given. The judge will have *an opportunity to hear other evidence."*

Counsel for defendant objected and moved for a mistrial on the grounds that this italicized portion placed the defendant's character in issue. The trial judge

overruled the motion but instructed the jury: "In the district attorney's argument, he referred in your presence to the procedure under which, once a defendant has been found guilty, then it becomes the responsibility of the judge to fix the sentence in the case. I have instructed the district attorney that he will not refer to this any further . . . You should not draw any inference whatsoever from these statements by the district attorney as to the guilt or innocence of the defendant. You will just disregard that statement completely in arriving at your decision on the sole issue as to the guilt or innocence of the defendant in this case." The defendant enumerates as error the overruling of the motion for mistrial. *Held:*

Even if we considered the statements by the assistant district attorney as placing the defendant's character in issue, no reversible error is shown.

The trial judge, acting within his discretion, took prompt corrective action (*Campbell v. State,* 143 Ga. App. 445, 446 (238 SE2d 576)), and thereafter the defendant did not request further instructions or renew his motion for mistrial. *Pitts v. State,* 141 Ga. App. 845 (3) (234 SE2d 682). "The rule requiring renewal of a motion for mistrial following corrective instructions to the jury still obtains in the trial of criminal cases though it has been eliminated in civil cases by CPA § 46 (b) (Ga. L. 1966, pp. 609, 655; Code Ann. § 81A-146 (b))." *Clyatt v. State,* 126 Ga. App. 779, 786 (192 SE2d 417). Accord, *Lane v. State,* 118 Ga. App. 688 (3) (165 SE2d 474).

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED MAY 4, 1978 — DECIDED JUNE 22, 1978.

*Schuder & Hartness, Edward L. Hartness,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.