## 65180. HULSEY v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of kidnapping, rape, and aggravated sodomy. Citing as error the denial of his motion to suppress his in-custody statement and the denial of his motion for mistrial,

appellant brings this appeal from the judgment entered on the jury verdict. We affirm.

1. After presiding over the hearing on appellant's motion to suppress, the trial court concluded that appellant was advised of his Miranda rights, that he made an intelligent waiver of his right to counsel, and that his statement was not made while under duress. "We must accept those factual determinations by the trial court unless those findings are shown to be clearly erroneous . . ." *Pierce v. State,* 235 Ga. 237, 239 (219 SE2d 158).

Although appellant testified that he requested an attorney during his interrogation, the GBI agent/interrogator stated that no such request was made. Furthermore, appellant signed a "waiver certificate" in which he acknowledged that he understood the Miranda rights printed on the certificate, that he had been previously orally informed of those rights, that he had not been threatened or coerced or promised anything, and that he was willing to discuss the charges subsequently levelled against him. Nor can it be said that a request to call a parent or a willingness to talk with law enforcement officials "up to a point" constituted a request for legal counsel which would have terminated the questioning. The evidence is sufficient to support the trial court's finding of waiver, and appellant has made no showing of clear error in this regard. We therefore accept the trial court's finding on this issue. *Pierce v. State,* supra.

2. Appellant also enumerates as error the trial court's failure to grant a mistrial after appellant's counsel made three objections during the closing argument of the assistant district attorney. It was only after one such incident that a mistrial was requested by appellant. Therefore, we may consider only the denial of that one request, since "mere objection to the argument of State's counsel to the jury does not constitute grounds for a reversal. [Cit.]" *Grice v. State,* 224 Ga. 376 (1) (162 SE2d 432). See also *Williams v. State,* 156 Ga. App. 17 (1) (274 SE2d 71). After the objection was made, the trial court instructed the jury, sustained the objection, and told the district attorney to move on. No further motion for mistrial was made. " 'The rule requiring renewal of a motion for mistrial following corrective instructions to the jury still obtains in the trial of criminal cases . . .' [Cits.]" *Burce v. State,* 146 Ga. App. 383, 384 (246 SE2d 412). No reversible error has been shown.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 9, 1983.

*D. Wayne Rogers,* for appellant.

*Joseph H. Briley, District Attorney,* for appellee.