PATTERSON v. THE STATE.

1. The witness not being an expert, his opinion that from the manner of the accused and from all the circumstances surrounding the transaction, the accused acted under an insane delusion and was impelled by an irresistible impulse, was not competent evidence.
2. In deciding a legal question touching the admissibility of evidence, the court may assign reasons for the decision in the hearing of the jury or forbear to do so at discretion.
3. The indictment being for an assault with intent to murder, and there being nothing in the evidence to reduce the act to the minor offence of stabbing, nor to suggest the question of manslaughter if death had ensued, it was not incumbent upon the court to submit the law of stabbing or of manslaughter to the jury.
4. The other special grounds in the motion are not cause for a third trial, the second verdict being a necessary outcome of the evidence under the law of the case.
October 17, 1890.

Assault with intent to murder. Criminal law. Witness. Evidence. Stabbing. Manslaughter. Charge of court. Verdict. Before Judge RICHARD H. CLARK. Fulton superior court. March term, 1890.

Patterson was indicted for assault with intent to murder. Upon a second trial the testimony for the State tended to show that one Dodgen and the defendant's wife, without previous arrangement, went on the same car to a park; that they left the car, and while walking at a public place in the park, at six or seven o'clock in the afternoon of a summer day, were met by the defendant; that the three conversed for a few minutes pleasantly, when the defendant remarked to Dodgen that he wanted to have a private conversation with his wife, and Dodgen " lagged back " a few steps, and they walked ahead; that there was some conversation between defendant and his wife, the nature of which does not appear, and defendant commenced stabbing his wife with a knife, inflicting upon her a number of deep and serious wounds in the back and breast; that another person ran up, and just as he neared them the defendant struck a final blow and ran away, and that upon that night he was arrested while hiding at the house of a friend. Mrs. Patterson, after suffering for some time, recovered from the effects of the wounds. She and the defendant had before this lived in the same town with Dodgen, and Dodgen met her as he would any other lady who lived in his town. The knife which defendant had when arrested was a common, small, and very dull knife. If the knife with which Mrs. Patterson was stabbed had entered immediately over the heart the depth that it entered over the spinal muscles, in one of the wounds inflicted upon her, it would have reached the heart. One of her limbs was paralyzed for a time from the injury, and afterwards she was around her room on her crutches and was eventually able to dispense with them.

The defendant introduced no testimony. · He made, in substance, the following statement : He had been a number of years married, and loved his wife dearly. On the afternoon of the stabbing, he was informed that his wife had been seen to go out on a car with a man. He thought his informant was mistaken, but went out to the park to satisfy himself, having no weapon whatever except a small pocket-knife, and no intention of doing any wrong or hurting any one. After reaching the park he saw his wife and the man, and went up to them and spoke to both of them. He asked his wife to come back in town on a street-car and to walk in front with him and have a private conversation, and she refused. They walked on and Dodgen dropped behind, and defendant asked her a few questions and she answered them, and he lost all control of himself; and what followed the jury knew. He was powerless to control himself. Regretted it as much as any man, but could not prevent it. He lost all control of himself and did not know at the time what he did.

He was convicted, and moved for a new trial on the grounds stated in the opinion ; and the motion having been overruled, he excepted.

R. J. JORDAN, for plaintiff in error.

C. D. HILL, solicitor-general, and MAYSON & HILL, *contra.*

BLECKLEY, Chief Justice.

1. The witness Dodgen, who is not shown to have been an expert, was asked by counsel for the accused this question : "From the manner of the man, and from all the circumstances surrounding that transaction, don't you believe that Mr. Patterson, at the time, at that particular juncture, was acting under an insane delusion ; and don't you think that he was impelled to do what he did by some irresistible impulse ?" The court ruled the question inadmissible, and in assigning

the reasons for his ruling, declared his opinion to be adverse to recognizing emotional or moral insanity as a defence to a charge of crime. Whether the reasons given by the court were good or not, we think the witness under examination should not have been allowed to express an opinion in answer to the question propounded. The question called upon him to perform the functions of a juror rather than of a witness. He was requested to say whether, in his opinion, "from the manner of the man, and from all the circumstances surrounding the transaction," the accused was acting under an insane delusion and impelled by some irresistible impulse. He was not even confined, as a basis for his opinion, to facts in evidence, but was asked to speak from all the circumstances surrounding the transaction, whether they were all in evidence or not. Moreover, there was no evidence whatever tending to establish an insane delusion, or any other delusion, and none from which an irresistible impulse could rightly be inferred in a man of sane mind.

2. It may be true that the court entered into more elaboration in rendering a decision upon the inadmissibility of the evidence than was necessary, but that was a matter for the determination of the judge himself. What he said was pertinent; and even if it had not been, it was a statement of the reasons on which the decision rested in the judge's mind, and his decision being correct, his reasons for it could not render it erroneous. The judge may give his reasons for deciding any legal question thus and so, and that the jury hear them, or rather overhear them, will certainly not vitiate the trial.

3. Under the evidence there were no facts which fairly raised the question of manslaughter or of the minor offence of stabbing. If the accused was guilty of anything, his offence was assault with intent to

murder. The charge of the court was correct in every part of its bearing on that offence. This being so, and the evidence being overwhelmingly in favor of the verdict, to grant a new trial because the court did not submit the law of manslaughter and of stabbing would be wholly unwarranted.

4. None of the other special grounds taken in the motion for a new trial are sufficient to work a reversal of the judgment, modified, as some of them are, by the explanatory notes of the judge. We discover nothing to indicate that the accused has not had a fair and legal trial; and this being the second verdict of guilty, we are free from all manner of doubt as to his being a proper subject for punishment. The verdict being indubitably correct, and a necessary outcome of the evidence under the law of the case, it would be only a very grave error of the court that would entitle the accused to a third trial. For the case on a former writ of error, see 85 *Ga.* 131; 11 S. E. Rep. 620.

*Judgment affirmed.*