### 34573.  Murphy *v.* The State.

Carlisle, J.  Under an indictment for murder, the defendant was convicted of voluntary manslaughter and sentenced to serve from three to five years in the penitentiary.  His motion for a new trial, based upon the usual general grounds and one special ground, was overruled and he excepted.  In this court he insists solely upon the special ground, which is that "the court erred in its omission to charge the jury that they could be authorized to convict the defendant of involuntary manslaughter if they felt that the defendant was not authorized in striking the deceased, but that he had no intent to murder the deceased, that said involuntary manslaughter being necessarily under the law a lesser offense embraced in the charge of murder under the indictment and facts set out in this case . . . because it was confusing, misleading, and argumentative, in that the question of intent was an issuable fact and the jury was not given the discretion in the charge to convict of a lesser offense included in the higher felony charged, and that the charge as given led the jury to believe that they must convict the defendant of murder or voluntary manslaughter and no other in case they decided that the defendant was not justified in striking the deceased."  Under the authority of *Williams* v. *State,* 176 *Ga.* 372 (168 S. E. 5), and the cases therein cited, this ground is too indefinite to present any question for consideration.

> *Judgment affirmed.  Gardner, P. J., and Townsend, J., concur.*

> Decided April 11, 1953.

*A. W. Birdsong, Jr.,* for plaintiff in error.
*Wright Lipford, Solicitor-General,* contra.