## 28085. McKENZIE v. THE STATE.

GUNTER, Justice. The appellant here was convicted in the trial court for the crime of armed robbery, he received a five-year sentence, and he has appealed directly to this court.

Three errors are alleged to have been committed in the trial court. The first is that the evidence was insufficient as a matter of law to sustain the jury's verdict of guilty. Having reviewed the

transcript, we hold that this enumerated error is without merit.

The second enumerated error contends that the trial judge committed error in instructing the jury on the "law of conspiracy," because conspiracy is now a separate crime in Georgia, and the appellant was not charged with having committed the crime of conspiracy. There is no merit in the contention. Code Ann. § 26-802 provides that "any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto."

The third enumerated error attacks Georgia's two-step criminal procedure statute (Code Ann. § 27-2534), applicable in all felony cases, as being in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States. This statute is not too vague so as to be unenforceable, as contended by the appellant; and this statute, which provides for imposition of a sentence by the trial judge in certain circumstances after a finding of guilty by the jury, does not deprive an accused of his Sixth Amendment right to trial by jury.

None of the alleged errors is ground for reversal of the judgment below.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 12, 1973 — DECIDED NOVEMBER 29, 1973 — REHEARING DENIED DECEMBER 17, 1973.

*Frank K. Martin,* for appellant.
*E. Mullins Whisnant, District Attorney,* for appellee.