### 29003. HERRING v. THE STATE.

UNDERCOFLER, Justice.

Lawrence Herring, Ronnie Lawhorn and Rassie Littlejohn were indicted for the offense of armed robbery of Modern Finance, Inc., and taking from the company $684.

The evidence shows that on the morning of December 29, 1973, Herring and Lawhorn investigated the operation of at least two finance companies in Gainesville. Lawhorn posed as a prospective customer

and they determined that there was only one employee at Modern Finance, Inc. Herring and Lawhorn returned to the home where the three defendants lived and told Littlejohn that they were planning a robbery and the three of them left in Herring's car. Littlejohn was told to wear a green army jacket and Herring gave him a pair of gloves and a stocking hat to wear. When they arrived at one finance company it had a customer so they went to Modern Finance, Inc. Herring backed the automobile into a parking space near the entrance to an alley and waited for Lawhorn and Littlejohn to return. Lawhorn and Littlejohn robbed the company at gunpoint and took the money from the cash drawer. They then ran out of the door and up an alley. A bystander heard three or four shots being fired and saw two men run up the alley and get into the automobile admittedly being driven by Herring. The two men who got into the automobile kept out of sight. The car spun out of the parking lot but later stopped at a red light. The bystander got the tag number of the car.

Phyllis Morton testified that she spent the previous night at the home of the three defendants; that Lawhorn called Littlejohn to go into another room; after that conversation among the three defendants the three defendants left the home in Herring's car; later they returned to the house and had some money with them, some twenty, five and one dollar bills. They divided the money among the three defendants and Littlejohn gave Herring some additional money to pay a bill for him. Herring told them to dispose of the coats they had worn and Herring put the gloves Lawhorn had been wearing into a burning wood heater. Littlejohn testified about the defendant's planning and participation in the robbery.

When the police arrived at the home with a search warrant, they found a bank deposit bag concealed under a bed which contained $150 cash and some papers belonging to Herring. The officers also found the remnants of the burned gloves in the heater. After Herring was arrested and advised of his constitutional rights, he stated he received $150 of the money taken in the robbery.

Herring contended at the trial and now contends

that he did not know the other two defendants were planning to rob the finance company; that Lawhorn and Littlejohn, after a conversation at their home, asked him to drive them to town and wait for them, which he did. When they returned to the car, he did not know that they had been involved in a robbery. However, when they returned to their home, he realized that a robbery had occurred when Lawhorn and Littlejohn began throwing money into the air and bragging that they had committed the robbery. He admitted that he received part of the money to pay a bill of Lawhorn's.

Herring was convicted of the offense of armed robbery and sentenced to serve ten years in the penitentiary. He appeals to this court. *Held:*

1. Herring contends that the conviction is contrary to the evidence and without evidence to support it. There is no merit to this contention.

2. Herring contends that the state erred in introducing into evidence against him the black coat, the green army jacket, and the burned gloves. We do not agree. The items introduced were relevant to prove the crime of armed robbery and Herring's connection with it.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 5, 1974 — DECIDED SEPTEMBER 4, 1974.

*Smith & Millikan, Harmon T. Smith, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.