## 30936. PHILLIPS v. THE STATE.

INGRAM, Justice.

Franklin D. Phillips appeals his conviction of armed robbery in the Superior Court of Paulding County for which he received a total sentence of 15 years with the first ten to be served in the penitentiary and the remainder on probation. There are five enumerations of

error relating to the trial and each of them has been examined but found to be without merit. Therefore, the appellant's conviction will be affirmed by this court.

The state's evidence at trial was that appellant and a male companion were driven by appellant's sister, Hattie Mae Mitchell, in her 4-door Buick station wagon to the City Package Store in Hiram, Paulding County, Georgia, on the evening of June 14, 1974. They arrived around 11 o'clock, p.m., and appellant and the male companion entered and robbed employees of the store at gunpoint. Threats to kill the employees were made by the robbers as they took both the money from the store cash register and a pistol. Appellant and his companion left the store together after the robbery and got back into the Buick station wagon owned and driven by appellant's sister. They drove away from the scene with a police car which had arrived on the scene in hot pursuit. Shots were exchanged between the two vehicles during the chase and the police car had to stop for a short period after it was hit. When the officers were able to resume the chase they found the station wagon abandoned. Fingerprints taken from it later matched appellant's fingerprints taken at the time of his subsequent arrest.

Appellant's sister was arrested the following morning as she was walking out of a wooded area in the vicinity where her car had been abandoned and found by the police. She testified at trial that she took appellant and his companion to the package store and drove them away from it. After they jumped out during the chase, she abandoned the car and hid in the woods all night. She said at one point that she did not know they had planned to rob the store and did not actually know if they had robbed the store. The two employees of the store positively identified appellant at the trial, some 16 1/2 months after the robbery, as being one of the two armed robbers. On the other hand, appellant swore he was working at the time of the robbery and that he did not participate in it. He explained his fingerprints in his sister's car as having been made when he helped her repair it earlier during that day.

The first two enumerations of error complain of the trial court's refusal to exclude the in-court identification

of appellant as one of the armed robbers by the two employees of the store. Appellant's argument is that the store employees did not know appellant and could not have identified him as one of the robbers over a year after the robbery occurred except for the suggestion of seeing appellant at the jail after his arrest and also seeing him in the courtroom with his lawyer.

This argument was made at the trial and the trial court overruled the motions to exclude the identification testimony with the following observation: "Of course, the evidence was that each of them [the store employees] independently remembered his appearance from the time of the events under investigation; that they saw him in the courtroom and also had seen, one of them had seen, him at the jailhouse and knew it to be the man who committed the robbery. The court found that as a matter of fact the identification was not tainted as a result of anything that had occurred, so as to make their testimony inadmissible and defective. I think it basically goes to a question of credibility of witnesses and the correct identification rather than defective identification . . ."

We agree with the trial court's ruling on this issue. There is sufficient evidence to authorize the finding that the two store employees had ample opportunity to observe appellant during the course of the armed robbery and to identify him as one of the perpetrators of the crime. Nor did the trial court err in refusing to direct a verdict of acquittal as the evidence is sufficient to authorize the verdict of guilty found by the jury. See *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859) (1974); *Carruth v. State,* 232 Ga. 644 (208 SE2d 464) (1974); and *Herring v. State,* 232 Ga. 683 (208 SE2d 490) (1974).

Appellant also contends the trial court erred in charging the jury on the law of conspiracy "since only the uncorroborated testimony of the alleged co-conspirator, Hattie Mae Mitchell (appellant's sister), connected the appellant with the commission of the crime." This enumeration is without merit as there was ample evidence to connect appellant with the armed robbery independent of his sister's testimony. The eyewitness identification testimony by the two store employees and appellant's fingerprints found in the automobile which

was used in the robbery corroborate the testimony of appellant's sister placing appellant and his companion at the scene of the crime. See *Wisdom v. State,* 234 Ga. 650, 656 (217 SE2d 244) (1975).

The final enumeration of error is that the trial court erred in allowing, over appellant's objection, the opinion testimony of Hattie Mae Mitchell, appellant's sister. The argument is made that this witness was improperly allowed to give her opinion that appellant and his companion went in the package store to rob "and take some money or something." The objection made at trial was that the witness' opinion was not relevant. The trial court allowed it to explain conduct.

No objection was made at trial that this testimony invaded the province of the jury or that it called for a conclusion on the ultimate issue to be determined by the jury. The witness' testimony was relevant inasmuch as she had just testified that appellant and his companion ran out of the package store and told her, "let's go." A police car then began chasing them, she heard gunshots, got panicky and abandoned the vehicle after appellant and his companion got out of it while she was driving away from the robbery locale. It was after all this testimony that the witness was asked what she felt appellant and the other man had done in the store. In the context of the testimony which preceded it, and considering the fact that this answer of the witness was objected to solely on the grounds of irrelevancy, we find no error in the trial court's ruling on the objection. See *Hicks v. State,* 216 Ga. 574, 576 (118 SE2d 364) (1961).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 16, 1976 — DECIDED APRIL 6, 1976.

*Lane & Sanders, Thomas C. Sanders,* for appellant.
*John T. Perren, District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.