## 73215. SEWELL v. EUBANKS.
(352 SE2d 802)

SOGNIER, Judge.

Frank Eubanks brought an action for libel against Dan Sewell. The libel alleged was contained in a mailer sent by Sewell to property owners at Bent Tree, a private resort community, during Eubanks' candidacy for re-election to the Board of Directors of the Bent Tree Property Owners Association (the Association). Sewell appeals from the judgment entered on the jury verdict in favor of Eubanks.

1. Appellant contends the trial court erred by failing to include an instruction about "public figures" in its charge to the jury regarding privileged communications. Proof of actual malice is required to impose liability for statements defaming a public figure. *Byers v. Southeastern Newspaper Corp.*, 161 Ga. App. 717, 718 (288 SE2d 698) (1982).

The definitive test for determining whether an individual is a public figure was established in *Gertz v. Robert Welch, Inc.*, 418 U. S. 323 (94 SC 2997, 41 LE2d 789); see *Hemenway v. Blanchard*, 163 Ga. App. 668, 670 (1) (294 SE2d 603) (1982). "That designation [public figure] may rest on either of two alternative bases. In some instances an individual may achieve such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts. More commonly, an individual voluntarily injects himself or is drawn into a particular *public* controversy and thereby becomes a public figure for a limited range of issues." (Emphasis supplied.) *Gertz*, supra at 351.

Appellant argues that appellee was such a "public figure," either because of his stature in the community or because of his status as a candidate for re-election to the Board of Directors of the Association. In terms of appellee's stature in the community, the record reveals that appellee was employed by a local bank, was a director of the Association and a member of a civic club. Additionally, appellee had once participated in a local drama group. Although "[d]efining public figures is much like trying to nail a jellyfish to the wall," *Rosanova v. Playboy Enterprises*, 411 FSupp. 440, 443 (III) (S. D. Ga. 1976), it is clear that appellee has not achieved such pervasive fame or notoriety through these activities so as to make appellee a "public figure" for all purposes. We are likewise unpersuaded by appellant's alternate argument that the Association's Board of Directors' election was a "public controversy" into which appellee injected himself. It is uncontroverted that Bent Tree is a private residential development, access to which is controlled by lot ownership and payment of assessments. The record further reveals that the Association election did not involve the entire Bent Tree community, but only those Bent Tree property owners who were also members of the Association — some

600 of the 3,500 lot owners. We have found no case, and appellant has cited us to none, in which activity in such a limited, private organization constituted a "public controversy" in order to confer upon the individual the status of "public figure." "[W]hile 'the issue of whether a plaintiff in a defamation action is a public figure poses a mixed question of law and fact, it is nevertheless one for the Court, not the jury, to determine.' [Cit.]" *Rosanova*, supra at 444 (III). We find no error in the trial court's determination that appellee was not a public figure, and thus, the trial court did not err by refusing to instruct the jury as to privileged comment regarding public figures. See *Fowler v. Gorrell*, 148 Ga. App. 573, 576 (2) (a) (251 SE2d 819) (1978).

2. Appellant also contends the trial court erred by failing to instruct the jury that unfavorable commercial publicity is not defamation. Appellant argues that the allegation in the complaint that the election mailer had injured appellee's professional reputation supported appellant's request that the trial court instruct the jury as to commercial publicity under *Southard v. Forbes, Inc.*, 588 F2d 140, 144 (5th Cir. 1979). *Southard* involved a magazine article which suggested that antique car dealers were "puffing the value of investment in classic cars." The court there found that this constituted unfavorable commercial publicity which was not defamatory because " 'it lacks the element of personal disgrace necessary for defamation.' [Cit.] It does not amount to a publication which tends to expose [appellant] 'to public hatred, contempt, or ridicule . . . ,' as required by [OCGA §§ 51-5-1; 2; former] Ga. Code Ann. §§ 105-701, 703. Nor does it charge [appellant] with activities incompatible with the proper exercise of [his] business." *Southard*, supra at 145.

Appellant, in his mailer, accused appellee of "posing as a property owner" and improperly "benefiting by reduced fees." These allegations tend to expose appellee to public contempt for dishonest or even fraudulent activities, which actions may also be considered incompatible with the proper exercise of the banking business. *Southard*, supra, is therefore distinguishable from the facts in the case sub judice. Accordingly, the trial court did not err by refusing to instruct the jury as to unfavorable commercial publicity. See *Fowler*, supra.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 7, 1987 —
REHEARING DENIED JANUARY 21, 1987.

*J. Carey Hill*, for appellant.
*Phil M. Landrum, Jr.*, for appellee.