### 75974. LOCKHART v. THE STATE.
(366 SE2d 371)

DEEN, Presiding Judge.

The appellant, Sammie Lockhart, was tried and convicted of aggravated assault on a police officer, stemming from his escape from the Sumter County Sheriff's Department on May 15, 1986. (He pleaded guilty to a charge of escape.) While awaiting being processed on a shoplifting charge, Lockhart was shackled to a couch with leg irons. When the jailer went back to the holding cells to check on another prisoner, Lockhart pried off the leg cuff with a screwdriver and escaped. The jailer returned to the room just in time to see the last of Lockhart go out the window, and he chased Lockhart down outside. Lockhart pulled out a small knife from his shoe and slashed at the jailer but only managed to scratch him. Lockhart ran off but was apprehended later.

At trial, the prosecutor displayed to the jailer a pair of hand cuffs and asked him if the leg cuffs that had been used on Lockhart was similar. The jailer explained that the leg cuffs were similar, but larger and stronger. Lockhart's sole contention on appeal is that this testimony was inadmissible, since the prosecutor's inquiry about cuff comparisons necessarily required an expert opinion and the jailer had not been qualified as an expert. Efforts to essentially link or equate similarities of hand and leg cuffs, even by an expert, are eventually ever-evolving esoterical equations, " 'like trying to nail a jellyfish to the wall.' " *Sewell v. Eubanks*, 181 Ga. App. 545 (352 SE2d 802) (1987). These expressions enumerated as error were "not essential to the issues submitted to the jury, and the admission of this testimony was harmless to defendant's case." *Wisdom v. State*, 234 Ga. 650, 652 (217 SE2d 244) (1975). Furthermore, as noted by Judge Ira Carlisle,[1] the argument "is too indefinite to present any question for consideration." *Murphy v. State*, 88 Ga. App. 30 (75 SE2d 844) (1953).

*Judgment affirmed. Carley and Sognier, JJ., concur in the judg-*

---

[1] Chief Justice H. E. Nichols has said of him: "I sincerely believe that he could recite from memory almost the entire Ga. Ann. Code. He was blessed with the *greatest power of recall* I have ever known." (Emphasis supplied.) *In Memoriam*, 130 Ga. App. XXIX, XL.

*ment only.*

DECIDED FEBRUARY 22, 1988.

*John V. Harper*, for appellant.
*John R. Parks, District Attorney, Barbara Becraft, Assistant District Attorney*, for appellee.